State v. Nelson.

No. 27,512.

THE STATE OF KANSAS, *Appellee,* v. FRANK NELSON, *Appellant.*

(260 Pac. 611.)

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Sufficiency of Evidence.* In a prosecution under the prohibitory liquor law, the evidence examined and held sufficient to support the verdict and judgment.

2. SAME — *Admissibility of Evidence — Instructions.* Alleged errors in the admission of evidence, in the giving and refusal to give instructions, considered and not sustained.

3. SAME—*Generally.* Various other alleged errors considered and held not to be of substantial merit.

Appeal from Labette district court; WILLIAM D. ATKINSON, judge. Opinion filed November 5, 1927. Affirmed.

*Thomas M. Brady* and *E. L. Burton,* both of Parsons, for the appellant.

*William A. Smith,* attorney-general, *Payne H. Ratner,* county attorney, and *Charles H. Cory,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.:  The defendant was convicted of violating the prohibitory liquor law and appeals.

There was evidence showing that defendant worked in a barber shop operated by his brother; that on May 25, 1926, one Johnson, a customer in the barber shop, conversed with defendant concerning the possible purchase of whisky; that later in the day Johnson went to defendant's home and was taken by the defendant to the home of one Nate Williams; that Johnson purchased a half pint of whisky from Williams, paid for it, and gave some to defendant; that defendant and Williams shot craps for a while, when Johnson purchased another half pint and gave defendant another drink; that after drinking the second course of whisky Johnson became unconscious; that when he regained consciousness he was at a tent in the fairgrounds near Parsons; that at the time of going to the Nate Williams place, Johnson had upon his person something like $37; that he paid $1.25 for each half pint of whisky, loaned $10 to the defendant with which to shoot craps, shot 50 cents himself; that when he regained consciousness he had but 65 cents. There was evidence that the defendant and Williams had agreed to "cut them up," by

Intoxicating Liquors, 33 C. J. pp. 764 n. 1, 770 n. 17, 777 n. 64, 778 n. 65.

which expression it was meant that the defendant and Williams would divide the profits of the whisky and crap game half and half. The defendant was charged with the sale of whisky, also with the maintenance of a nuisance, the state proceeding upon the theory of a conspiracy between the defendant and Williams.

The defendant contends that there was no evidence to sustain the charge of his having sold whisky or having maintained a nuisance. Without further detailing the evidence, we are of opinion it was sufficient to show a conspiracy upon the part of the defendant and Williams, a sort of partnership arrangement by virtue of which the defendant brought the customers to the place of sale, aided and abetted in the transaction, and partook of the proceeds resulting therefrom.

Contentions that the court erred in the admission of evidence of the character of the place where defendant worked, in the giving and the refusal to give instructions, have been considered, but cannot be sustained. Other objections to the judgment have all been considered, but we find no error which would warrant a reversal.

The judgment is affirmed.